**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Robert William LARSON, Defendant—
Appellant.**

**No. 04–30186.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carl E. Rostad, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

John P. Rhodes, Esq., Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before: HAWKINS, THOMAS, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Robert William Larson appeals from the district court's imposition of sentence after Larson pleaded guilty to the manufacture of counterfeit currency under 18 U.S.C. § 471. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

 Larson appeals the district court's decision not to depart downward for post-conviction rehabilitation. We do not have "jurisdiction to review a district court's decision not to grant a discretionary downward departure absent evidence that the district court believed it lacked the authority to do so." *United States v. Tam*, 240 F.3d 797, 805 (9th Cir.2001). The district court undertook a thorough review of the relevant factors and ultimately found that Larson had not demonstrated an extraordinary level of rehabilitation substantially different from other similarly situated defendants. The court was aware of its ability to depart, but chose not to exercise it. That discretionary decision of the district court is unreviewable.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## II

Larson asserts that the reporting requirements of the Feeney Amendment[1] create an unconstitutional chill such that district court judges are unwilling to downwardly depart even when within their discretion to do so. Although this might constitute a colorable claim under other circumstances, it does not here.

Larson has failed to present any evidence demonstrating a chilling effect. Indeed, the district court record shows the very opposite. The district court declined to depart only after careful review of the relevant factors and a determination that Larson did not present any extraordinary considerations mandating departure. In his denial of the motion to set aside the sentence, Judge Molloy emphasized in a written order that the Feeney Amendment had no impact on his deliberations: "I am not intimidated by the reporting requirements. I will not be intimidated by the reporting requirements. This issue is therefore not ripe for adjudication."

Thus, the record is clear that the district court judge did not reject the request for a downward departure because he feared retribution. Rather, he carefully considered the request for a downward departure and exercised his discretion in declining to grant it. Accordingly, Larson suffered no injury in this case traceable to the Feeney Amendment's reporting requirements.

The "irreducible constitutional minimum" of standing requires that petitioner has suffered an " 'injury in fact' . . . which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Bennett v. Spear*, 520 U.S. 154, 167, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). As Larson did not suffer any injury due to the Feeney Amendment's reporting requirements, he has no standing to assert a Feeney Amendment claim based on this record.

DISMISSED.

---

1. The "Feeney Amendment," was introduced as a rider to the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub.L. No. 108–21, 117 Stat. 650 (2003), supplementing the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551–3742 and 28 U.S.C. §§ 991–998. Among other things, the Feeney Amendment requires that any grant of downward departure by the district court (except for cases involving a downward departure for substantial assistance to authorities) must be reported to the Attorney General and subsequently the House and Senate Judiciary Committees. Pub.L. No. 108–21, § 401(*l*). This report must include the identity of the district court judge and the district court's stated reasons for departing. *Id.*